Judge Marshall

delivered the Opinion of the Court.
The denial of the defendant, Waters, in his answer to the original bill, "that he was timely and duly notified of the non-payment and protest of the bill,” is not a denial of all notice, and certainly does not negative the receipt of notice at any particular time or place. And although this general denial was a sufficient answer to the general allegation of due notice in the original bill, it does not meet the precise and special allegations of the amended bill, alleging that, on the 12th day of April, 1834, the notice, directed to Waters, at New Orleans, was mailed at Cincinnati; that it was received by him at New Orleans, in a few days, and by due course of the mail, and that he was at the time the commander of a steam boat, engaged in trade, and had no permanent place of residence, but was more frequently and longer at New Orleans than at any other place.
The allegations of a bill, remaining unanswered at the hearing, must be considered as admitted, without any order taking the bill, or part of it, for confessed.
Where a party to a bill of exchange is a transient person, having no known residence—notice of protest, sent by the first mail, to a place to which he very frequently resorts, is sufficient. And if he shows that another place is his usual resort, as his home, still if it appears, that if the notice had been sent there, he could not have received it sooner than he did, it must be demeed sufficient.
The amended bill was unanswered, when the cause came on for hearing, at the term succeeding that at which it was filed; and although there was no formal order taking it for confessed, its allegations, so far as they were not met by the previous answer, should have been regarded as admitted.
With regard to the allegations above specified, of which some are sustained by proof, as well as by the failure of Waters to answer them, and others upon the proof might be doubtful, we think they should be taken as true; and taking these allegations as true, it seems to us that they establish due diligence in giving notice to Waters. As to the time of putting the notice in the Post Office, there is no question, and we deem it unnecessary to state the facts which show that, in that respect, the proper course was observed. But the question is made, whether the notice was properly directed to New Orleans, upon the facts alleged and unanswered, as to the residence of Waters. As he was a transitory person, and New Orleans was his most usual place of resort, that would seem to have been the only proper place of directing to him, unless the holder had undertaken to send the notice to him personally wherever he might be found: in which case he would probably have incurred the peril of releasing him, if the notice was not received as early as it would have been, if directed to New Orleans.
But supposing that New Orleans was not his most usual place of resort, and there is some testimony conducing, though rather vaguely, to show that, in the spring of 1834, he spent most of his time, when on shore, in Alexandria, in the state of Louisiana; still as it must be taken to be true, that he actually received the notice at New Orleans, by due course of mail, the fair presumption is, that he received it at least as soon as he would have done, if it had been sent to Alexandria. And although, upon the hypothesis that Alexandria was the place of his most usual resort, that was the proper place for the notice to be sent to, still we have no doubt that actual notice received by him at New Orleans, or any where else, as early as it would have been received at Alexandria, should be deemed sufficient to hold him lia *57 ble as drawer of the bill. This was in effect decided in the case of U. S. Bank vs Corcoran, 2 Peters, 121. And it would be strange if it were not so.
We are of opinion, therefore, that it sufficiently appears that due diligence was used in notifying Waters of the non-payment and protest of the bill, and that the complainant is entitled to the relief prayed for by him.
Wherefore, the decree dismissing the bill is reversed, and the cause remanded, with directions to render a decree against Waters for the amount of the bill with interest and charges, and to subject to the payment thereof, the debts due to him from the other defendants, or so much thereof as may be necessary.